IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,       :
      Plaintiff

                                 :

      vs.                       : CRIMINAL NO. 1:CR-05-0029

                                 :

RICKY E. STRAUB,
      Defendant                 :


*M E M O R A N D U M*

I.    *Introduction.*

       Ricky Straub has appealed from a judgment of conviction imposed by the magistrate judge for a violation of 75 Pa. C.S. § 1543(b)(1), driving a motor vehicle while his license was suspended because of a conviction for driving under the influence (DUI) of a prohibited substance.  The case is in federal court pursuant to the Assimilative Crimes Act (ACA), 18 U.S.C. § 13, because Straub was trying to enter the New Cumberland Army Depot at the time of the offense.  The magistrate judge imposed a sentence of ninety days' imprisonment, but Straub has been out on bond while this appeal has been pending.

       Defendant raises two issues.  First, there was insufficient evidence to establish an essential element of the offense, that he was driving in an area open to the public for

vehicular travel, because he was stopped at the Depot's gate, a place used to secure a facility from public approach.  Second, since the magistrate judge decided that the offense took place outside the Depot's gate, the government failed to prove that the offense happened within the federal enclave, necessary for the territorial jurisdiction of the ACA.

        We have jurisdiction over this appeal pursuant to 18 U.S.C. § 3402.  Our standard of review is the same one the court of appeals uses for an appeal from a conviction in district court.  *See* Fed. R. Crim. P. 58(g)(2)(D).  We agree with Appellant's territorial-jurisdiction argument (which was not presented to the magistrate judge) and will reverse the conviction.

II.    *Background*.

        The record reveals the following.  On May 11, 2004, Straub attempted to drive into the New Cumberland Army Depot in New Cumberland, Pennsylvania, where he was employed.  As part of a random inspection scheme occurring that day, he was stopped at the main gate on Mission Drive and directed to an inspection area where Anthony Minium, a Depot police officer, was asking people for identification and their driver's license.  When Minium asked Straub for his driver's license (because he was operating a motor vehicle), Straub told the officer he could not

2

produce one because it had been suspended.  The officer verified this with the Pennsylvania Department of Transportation and issued Straub a citation for violating section 1543(b)(1).[1]

On September 15, 2004, the magistrate judge held a nonjury trial.  At the close of the government's case, Appellant moved for judgment of acquittal, in part, on the basis that his car had not been stopped in an area where the public could drive, that military installations are generally not open to the public, and the fact that they could stop anyone proved that the Depot was not open to the public.  The magistrate judge denied the motion, reasoning that the officer's testimony that Appellant had been stopped on Mission Drive as he drove up to the Depot's main gate established that he had been driving on a highway and hence had satisfied this element of the offense. The magistrate judge found Defendant guilty.

---

[1]  Section 1543(b)(1) provides as follows:

Any person who drives a motor vehicle on any highway or trafficway of this Commonwealth at a time when their operating privilege is suspended or revoked . . . because of a violation of [75 P.S. § 3731, driving under the influence] shall, upon conviction, be guilty of a summary offense and shall be sentenced to pay a fine of $1,000 and to undergo imprisonment for a period of not less than 90 days.

75 P.S. § 1543(b)(1).

3

Appellant renewed the argument in a post-trial motion for judgment of acquittal.  Rejecting the argument again, the magistrate judge wrote:

> [T]he focal act of driving by the
> defendant was done in advance of
> entering the facility, was done upon a
> way upon which any person seeking to
> enter the facility may drive, and was
> done upon a way upon which even persons
> not intending to enter the facility are
> not without the right to drive.

(Order of October 27, 2004, at p. 4).

On January 11, 2005, Straub was sentenced to ninety-days imprisonment, a $500 fine, and a $10 special assessment. On January 21, 2005, he appealed the Magistrate Judge's decision to this court.

III.  Discussion.

A.   *The Government Provided Sufficient Evidence*
     *to Establish that Appellant Had Been Driving*
     *On an Area That Was Open to the Public*
     *For Vehicular Travel*.

Section 1543(b)(1) makes it illegal for a person to "drive[ ] a motor vehicle on any highway or trafficway" in Pennsylvania while his driver's license is suspended because of a conviction for driving under the influence of a controlled substance.  "Highway" is defined as the "entire width between the boundary lines of every way publicly maintained when any

4

part thereof is open to the use of the public for purposes of vehicular travel . . ."  "Trafficway" is defined as the "entire width between property lines or boundary lines of every way or place of which any part is open to the public for purposes of vehicular traffic as a matter of right or custom."  75 Pa. C.S. § 102.  Based on these definitions, the government had to show that Appellant was driving on an area that was open to the public for the purpose of vehicular travel.

Appellant argues that the government failed to do this because it presented no evidence that the Depot, which Appellant asserts is the area where he was stopped, was open to the public for vehicular travel.  Instead, he was stopped at a "police manned controlled access point, which, presumably, existed to secure the facility from public approach" (Appellant's Br. at p. 5), not allow public access.  Straub relies on *United States v. Edwards*, No. 89-5641 (3d Cir. Nov. 14, 1989) (unpublished disposition); *Commonwealth v. Owen*, 397 Pa. Super. 507, 580 A.2d 412 (1990); and *Commonwealth v. McFadden*, 377 Pa. Super. 454, 547 A.2d 774 (1988)(plurality opinion).[2]

_____

[2]  This is a challenge to the sufficiency of the evidence.  On such a challenge, our standard of review is "particularly deferential."  *United States v. Hedaithy*, 392 F.3d 580, 604 (3d Cir. 2004)(quoted case omitted), *cert. denied*, (U.S. April 18, 2005) (No. 04-1265).  "The verdict must be sustained if there is substantial evidence to support it," *id.* at 605, and can only be overturned if "after viewing the evidence in the light most favorable to the prosecution," no

All three of these cases are distinguishable.[3]  In *Edwards*, also a case under the ACA involving the Depot, the defendant had been observed inside the Depot driving out of a parking lot and down two Depot roads.  The government presented no other evidence to support the conclusion that he had been driving in an area open to the public for vehicular travel.  The Third Circuit reversed the conviction because it did not believe the evidence the trial judge relied on to establish this element of the offense was sufficient.  The evidence was: (1) the parking lot had been assigned a number; (2) the streets the defendant had driven down had names; and (3) the officer who arrested the defendant was in a marked car.

The facts here are materially different.  Unlike in *Edwards*, Appellant was not operating a vehicle in the Depot. Instead, he was approaching the main gate for the purpose of gaining entrance.  A "main gate" exists at an military installation, or anywhere else, to screen those trying to enter, which would include the public driving on the area leading up to the gate.  Otherwise, it would not be the main gate.  This

"rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *Id*. (quoting *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979)).

[3]  They all dealt with a DUI conviction, but that crime also has as an element that the defendant operated the vehicle on a highway or trafficway, as defined above.

evidence is sufficient to establish that Appellant was in an area open to the public for the purpose of vehicular travel.

Even the second part of Appellant's argument supports this view.  Appellant contends that the controlled access point where he was stopped exists "presumably . . . to secure the facility from public approach."  To do that, the public has to be in an area where they can approach the access point.

Appellant's other two cases are also factually distinguishable.  In *Owen*, the defendant was on a parking lot, and no evidence was presented to establish that the lot was open to the public.  580 A.2d at 414-15.  Likewise, in *McFadden*, the evidence showed only that the defendant was on a dead-end, private drive leading into a trailer court with just one entrance/exit.  The defendant was also a resident of the trailer court.  547 A.2d at 776.

Finally, it is not significant that Minium's duties included asking people for identification and their driver's license before allowing them into the Depot.  The issue here is not whether the Depot is open or used by the public but whether the area where Appellant was apprehended was.

B.   *Territorial Jurisdiction Under
     the Assimilative Crimes Act Was
     Not Established*.

Appellant raises an issue on appeal that he did not
present to the magistrate judge, that if the area where he was
apprehended was not in the Depot, and was in fact on a
Pennsylvania highway, then the court lacks territorial
jurisdiction, an essential element under the ACA, to prosecute
him.  The ACA confers federal jurisdiction only for conduct
occurring "not within the jurisdiction of any State . . . ."  18
U.S.C. § 13(a).

The government has not responded to this argument.
While territorial jurisdiction is like venue and need only be
established by a preponderance of the evidence, nonetheless it
is an essential element of an offense under the ACA.  *See United
States v. Bowers*, 660 F.2d 527, 531 (5th Cir. Unit B 1981);
*United States v. Adams*, 1992 WL 78817 (4th Cir. 1992).

Territorial jurisdiction is established by the
government's dominion and control over the area where the crime
was committed.  *See United States v. Blunt*, 558 F.2d 1245, 1246-
47 (6th Cir. 1977); *United States v. Erdos*, 474 F.2d 157, 159
(4th Cir. 1973); *United States v. King*, 781 F. Supp. 315, 317
(D.N.J. 1991)(Simandle, M.J.)(also noting failure to show
acceptance of jurisdiction under 40 U.S.C. § 255 (now 40 U.S.C.

§ 3112)).  There usually is no question of territorial

jurisdiction when the crime is committed inside a federal

enclave like the Depot, *see United States v. Lavender*, 602 F.2d

639, 641 (4th Cir. 1979), but here the government's theory of

the case was that the offense took place outside the Depot, and

the government presented no evidence that it exercised dominion

and control over this area, nor did it attempt on appeal to meet

Appellant's jurisdictional argument.[4]  We therefore conclude

that the conviction must be reversed for lack of territorial

jurisdiction.

       We will issue an appropriate order.


                 /s/William W. Caldwell
                 William W. Caldwell
                 United States District Judge

Date: May 4, 2005

---

[4]  As a jurisdictional argument, it would also appear that
it could be raised although not presented below.  *See United
States v. Gatlin*, 216 F.3d 207, 210 n.4 (2d Cir. 2000).

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,         :
          Plaintiff
                                  :

          vs.                     : CRIMINAL NO. 1:CR-05-0029

                                  :

RICKY E. STRAUB,
          Defendant              :

*O R D E R*

        AND NOW, this 4th day of May, 2005, upon consideration

of the appeal (doc. 1) of the defendant Ricky Straub, it is

ordered that:

        1.  The appeal is granted.

        2.  The January 11, 2005, judgment of
        conviction in *United States v. Straub*, No.
        1:04-MJ-033-49 (M.D. Pa.) is hereby reversed
        and sentence vacated.

        3.  The Clerk of Court shall close this
        file.


                                 /s/William W. Caldwell
                                William W. Caldwell
                                United States District Judge